United States District Court
Northern District of Indiana
Fort Wayne Division                                    Case No. 1:22-cv-167

**Brandon Orvis**
Plaintiff

–v–

**Markos Johnson and
Diamonds of Trucking LLC**
Defendants

# Notice of Removal

The Defendants remove this matter from the Allen Superior Court to this Court under 28 U.S.C. § 1441 *et seq*. In support of removal, the Defendants show the court that:

① On April 28, 2022, Brandon Orvis sued the Defendants in the Allen Superior Court. Orvis seeks damages for injuries he attributes to a May 26, 2022 traffic accident. His lawsuit was assigned cause no. 02D01-2204-CT-00193.

② A copy of Orvis's complaint and all pleadings and process served on the Defendants are attached as Exhibit A.[1]

③ Orvis is a citizen of Michigan and a Bay City, Michigan, resident.

④ Diamonds of Trucking LLC is a limited liability company organized under the laws of Ohio. It has one individual, non-corporate, member. That member is a citizen of Ohio. Diamonds of Trucking LLC's principal place of business is in Ohio. It is an Ohio citizen.

⑤ Johnson is an Ohio citizen and resident of Gahanna, Ohio.

---

[1] 28 U.S.C § 1446(a). Rosenberger has not been served.

⑥ This is an action between citizens of difference states.[2]

⑦ Orvis's complaint doesn't specifically demand a sum certain; Indiana law forbids specifying the damages sought in personal-injury suits.[3] But on January 13, 2022, Orvis's attorney demanded the Defendants' insurance policy limits to settle his client's claims.[4] Those limits exceed $100,000.

⑧ Based on the settlement demand, there is more than $75,000 in dispute,[5] exclusive of interest and costs, and the parties are diverse. This Court has original jurisdiction[6] and this action may be removed to this Court.[7]

⑨ Venue is proper in the Fort Wayne division as the events leading to the incident Orvis complaints about occurred in Allen County, Indiana.[8]

⑩ The Defendants served a notice of removal, with a copy of this rem-

---

[2] 28 U.S.C. § 1332.

[3] Ind. T.R. 8(A)(2).

[4] See Exhibit B. Where the complaint lacks an *ad damnum* clause, a pre-suit settlement demand constitutes the amount "in controversy" for diversity jurisdiction. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

[5] In general, the proponent of jurisdiction has the burden of showing, by a preponderance of the evidence, facts that suggest the amount in controversy requirement is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). That is easier said than done when the plaintiff doesn't want to be in federal court and provides little information about the value of his claims. *Id*. In such cases, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id*.

[6] 28 U.S.C. § 1332.

[7] 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

[8] 28 U.S.C. § 94(a)(1).

oval notice, upon Orvis's counsel, and filed the notice of removal in the Allen Superior Court.[9]

Dated: May 17, 2022    /s/ J. Thomas Vetne
J. Thomas Vetne | 19606-64

**Jones Obenchain, llp**
130 S. Main St.
Suite 400
Post Office Box 4577
South Bend, IN 46634-4577

574.233.1194 ext. 141 | 574.233.8957 fax

jtv@jonesobenchain.com

Defendants' Attorney

## Certificate of Service

I certify that on May 17, 2022, I served this notice on the following via email:

Mr. Daniel Gore
Ken Nunn Law Office
104 S. Franklin Rd.
Bloomington, IN 47404

*dgore@kennunn.com*

Plaintiff's Attorneys

/s/ J. Thomas Vetne
J. Thomas Vetne | 19606-64

---

[9] 28 U.S.C. § 1446(d).